[Cite as *State v. Clark*, 2018-Ohio-1155.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | Case No. CT2017-0032 |
| JESSIE CLARK | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Muskingum County Court
                                of Common Pleas, Case No. CR2017-0003


JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         March 28, 2018

APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

D. MICHAEL HADDOX               ERIC J. ALLEN
Prosecuting Attorney            The Law Offices of Eric J. Allen, Ltd.
Muskingum County, Ohio          4605 Morse Rd., Suite 201
                                Gahanna, Ohio 43230
By: GERALD V. ANDERSON II
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth Street, PO Box 189
Zanesville, Ohio 43701

*Hoffman, J.*

{¶1} Appellant Jessie L. Clark appeals the judgment entered by the Muskingum County Common Pleas Court convicting him of receiving stolen property (R.C. 2913.51(A)) and attempt to have a weapon while under disability (R.C. 2923.02(A) and R.C. 2923.13(A)(3)), both felonies of the fourth degree, and revoking his post-release control in a separate case. Appellee is the state of Ohio.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2} On October 28, 2016, Appellant offered to take a gun and sell it for another person, knowing the gun was stolen. Appellant had a prior conviction for trafficking in drugs, a felony of the fourth degree, which resulted in him being placed under disability from owning or possessing a firearm.

{¶3} Appellant was indicted on one count of receiving stolen property and one count of attempt to have a weapon under disability by the Muskingum County grand jury on January 4, 2017. He entered a guilty plea to both charges and was sentenced to eighteen months incarceration on each conviction, to be served concurrently.

{¶4} At the time of the commission of the offenses, Appellant was on post-release control from Muskingum County Case No. CR2015-0423. During the plea and sentencing hearing, the trial court stated:

> The Court is going to terminate your PRC. The reason being, they
> do the administrative to make it look like you did not commit a new offense
> because you went in on a rule violation. You did commit a new offense
> while on post-release control. Statistically they're trying to make

themselves look better, and they use that against other departments who don't do that type of thing in regards to funding. It's not right.

Therefore, the Court is terminating your post-release control and ordering that the time you have left on it be imposed. You got the credit of the six months that you would have gotten towards this sentence; therefore, it's the same amount of time one way or the other, but I am terminating and imposing what you have left, which would be to whatever it is in May.

Tr. 15-16.

**{¶5}** With regards to revocation of post-release control and the accompanying sanction, the sentencing entry recites:

The Court further finds that the Defendant was on post release control at the time of the commission of the offenses herein in the Muskingum County, Ohio, Court of Common Pleas, Case No. CR2015-0243. Pursuant to ORC §2929.141, this Court terminates the Defendant's period of post release control and hereby ORDERS that the Defendant serve the remainder of his post release control; said sentence shall be served **mandatory consecutive** to the sentence imposed herein.

Judgment Entry, April 20, 2017.

**{¶6}** From this judgment Appellant prosecutes the instant appeal, assigning as error:

THE TRIAL COURT FAILED TO INFORM THE APPELLANT OF THE LENGTH OF HIS SANCTION EITHER ON THE RECORD OR IN THE JUDGMENT ENTRY.

{¶7} Appellant argues the court erred in failing to specify the length of his sanction for violation of post-release control.  The State argues in rebuttal the term will be calculated by the Adult Parole Authority.

{¶8} R.C. 2929.141(A)(1) provides for the termination of post-release control upon commission of a new felony as follows:

(A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is

administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

**{¶9}** Only the trial court itself may make the decision to sentence for a post-release control violation. *State v. Branham*, 2d Dist. Clark No. 2013–CA–49, 2014–Ohio–5067. Once the court decides to impose a sentence for such a violation, it is bound by R.C. 2929.141 when determining the time to be served. *Id.*

**{¶10}** While the statute gives the court discretion to decide whether or not to sentence for a post-release control violation, once the court has decided to impose a sentence, that sentence is determined by statute. The trial court specifically stated the sentence would be the remainder of his post-release control. That specific sentence is calculable to a certainty from information within the possession of the Adult Parole Authority, while such information may not be readily available to the sentencing court. Therefore, we find no error in the trial court's failure to include the exact sentence in the sentencing entry, as the sentence may be administratively determined by the Adult Parole Authority as set forth by R.C. 2929.141(A)(1).

**{¶11}** The assignment of error is overruled.

   **{¶12}** The judgment of the Muskingum County Common Pleas Court is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Wise, Earle, J. concur