[Cite as *State v. Johnson*, 2018-Ohio-2387.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JEROME A. JOHNSON | : | Case No. CT2017-0058 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2017-0149



JUDGMENT:      Affirmed



DATE OF JUDGMENT:      June 18, 2018



APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

D. MICHAEL HADDOX        ERIC J. ALLEN
Prosecuting Attorney        The Law Office of Eric J. Allen, Ltd.
       4605 Morse Rd., Suite 201
By: GERALD V. ANDERSON II        Gahanna, Ohio 43230
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43701

*Baldwin, J.*

{¶1} Appellant, Jerome A. Johnson, appeals the Muskingum County Court of Common Pleas Entry of September 15, 2017, specifically that portion of the Entry that imposed a sentence for violation of the terms of appellant's post release control. Appellee is the State of Ohio.

FACTS AND PROCEDURAL POSTURE

{¶2} Appellant was the subject of a controlled buy of cocaine on 5 separate occasions in September 2016. Appellant was arrested on January 5, 2017 at the Adult Parole Authority Office in Muskingum County, but he escaped.  The grand jury later indicted him on eleven counts of drug related offenses and a warrant was issued for his arrest on April 13, 2017. He was apprehended, arrested and incarcerated on April 21, 2017. He initially entered plea of not guilty on April 28, 2017 and a trial was scheduled for July 18, 2017. On June 28, 2017, appellant entered a plea of guilty and the plea was accepted on June 29, 2017. Pursuant to plea negotiations, Count I of the complaint was dismissed.

{¶3} The trial court conducted a sentencing hearing on August 14, 2017 and a sentencing entry was filed September 6, 2017.  A sentencing entry nunc pro tunc was filed September 15, 2017 imposing a sentence of 23 years for all charges but correcting the mandatory incarceration time to sixteen years. During the sentencing hearing the trial court noted that appellant was on post-release control arising out of a charge of trafficking in cocaine, a felony of the second degree, and tampering with evidence, a felony of the third degree, from January 2012 and that appellant was still subject to post release control for those convictions.  The trial court notified the appellant that "The Court also has -- the

post-release control you're on currently has not been dealt with. The Court is going to order that that post-release control be terminated and the time you have left on that be imposed, which by law must be served consecutive to the time you are currently serving."(Sentencing Hearing Transcript, p. 12, lines 22-25 to p. 13, lines 1-3).

**{¶4}** The trial court included the following in its sentencing entry:

The Court further finds that the Defendant was on post release control at the time of the commission of the offenses herein in Case No. CR2011-0198. Pursuant to ORC §2929.141, this Court terminates the Defendant's period of post release control and hereby ORDERS (sic) that the Defendant serve the remainder of his post release control; said sentence shall be served <u>mandatory consecutive</u> (sic) to the sentence imposed herein.

Sentencing Entry, Sept 15, 2017, p. 3 (Emphasis in original).

**{¶5}** Appellant filed a notice of appeal and submits one assignment of error:

**{¶6}** THE TRIAL COURT ERRED WHEN IT FAILED TO NOTIFY THE APPELLANT AT SENTENCING THE AMOUNT OF TIME HE WOULD BE REQUIRED TO SERVE FOR THE TERMINATION OF HIS POST RELEASE CONTROL.

**{¶7}** Appellant contends that the trial court was obligated to notify him of the time he would be required to serve as a result of the violation of the terms of post release control, but he relies on cases that address the court's obligation to notify defendants of the consequences of violation of post release control and do not include a requirement to notify the appellant of the precise amount of time that would be imposed as a result of a violation. *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837 and

*State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995. The holdings of those cases provide no relief to appellant. Instead, we rely on our recent ruling in *State v. Clark*, 5th Dist. Muskingum No. CT2017-0032, 2018-Ohio-1155 and, for the reasons set forth below, overrule the assignment of error and affirm the trial court's decision.

{¶8} Appellant's reliance on *State v. Brooks*, *supra* is misplaced as the court in that case held that:

> Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, **as a prerequisite to imposing a prison term on the offender for a subsequent violation.**

*Brooks* at ¶ 29, (Emphasis added).

{¶9} The court in *Brooks* did not consider an obligation to notify the defendant of the length of his sentence for violating the terms of post release control at the time of sentencing for that violation. Likewise, the Supreme Court of Ohio in *State v. Fraley*, *supra at* ¶18 held that:

> a trial court sentencing an offender upon a violation of the offender's community control sanction must, at the time of such sentencing, notify the offender of the specific prison term that may be imposed for an additional violation of the conditions of the sanction as a prerequisite to imposing a prison term on the offender for a subsequent violation

and did not have occasion to address any obligation to notify the appellant of the length of sentence that would be imposed after a violation of post relief control.

**{¶10}** This court has recently considered a case analogous to the appellant's in *State v. Clark*, 5th Dist. Muskingum No. CT2017-0032, 2018-Ohio-1155. In that case the appellant had committed two felony offenses while on post release control. The trial court ordered termination of the post release control and "that the time you have left on it be imposed." *State v. Clark, Id.* at ¶ 4. The sentencing entry in that case stated in relevant part that "this Court terminates the Defendant's period of post release control and hereby ORDERS (sic) that the Defendant serve the remainder of his post release control; said sentence shall be served mandatory consecutive to the sentence imposed herein." *State v. Clark, Id.* at ¶ 5. The appellant in *Clark* argued the court erred in failing to specify the length of his sanction for violation of post release control, so the facts and the assignment of error are, for all practical purposes, identical and we find that the outcome should not change.

**{¶11}** We began our analysis in *Clark* with a reference to R.C. 2929.141(A)(1) which states as follows:

(A)     Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

(1)     In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

{¶12} We noted that only the trial court may make the decision to sentence for a post release control violation and once the court decides to impose a sentence for such violation, it is bound by R.C. 2929.141 when determining the time to be served. In that case and in the case at bar, the trial court specifically stated the sentence would be the remainder of his post release control. That sentence is calculable to a certainty from information within the possession of the adult parole authority, while such information may not be readily available to the sentencing court. We hold in this case as we decided in *Clark*: "we find no error in the trial court's failure to include the exact sentence in the sentencing entry, as the sentence may be administratively determined by the Adult Parole Authority as set forth by R.C. 2929.141(A)(1)." *Clark, Id.* at *¶ 10.*

{¶13} For the forgoing reasons, appellant's assignment of error is overruled and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, J.

John Wise, P.J. and

Hoffman, J. concur.