[Cite as *State v. Dunwoody*, 2018-Ohio-2386.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| STEVEN DUNWOODY | : | Case No. CT2017-0050 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Muskingum County
                                  Court of Common Pleas, Case No.
                                  CR2017-0208


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 June 18, 2018


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

D. MICHAEL HADDOX                         ERIC J. ALLEN
Prosecuting Attorney                      The Law Office of Eric J. Allen, Ltd.
                                          4605 Morse Rd., Suite 201
By: GERALD V. ANDERSON II                 Gahanna, Ohio 43230
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43701

*Baldwin, J.*

{¶1}   Defendant-appellant Steven Dunwoody appeals his sentence issued by the Muskingum County Court of Common Pleas on July 31, 2017. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On June 19, 2017, a Bill of Information was filed with the Muskingum County Court charging appellant with one count of failure to register as a sexual offender (address change) in violation of R.C. 2950.05(A), a felony of the third degree.   On the same date, a typewritten "Waiver, and Plea of Guilty to Prosecutor's Bill of Information" was filed. The trial court, at appellant's arraignment on June 19, 2017, found appellant guilty. As memorialized in an Entry filed on August 2, 2017, appellant, on July 31, 2017, was sentenced to two years in prison. The trial court, in its Entry, found that appellant was "on post-release control at the time of the commission of the offenses herein in Case No. CR2015-0056" and, pursuant to R.C. 2929.141,  terminated appellant's period of post-release control and ordered that appellant "serve the remainder of his post relief control; said sentence shall be served mandatory consecutive to the sentence imposed herein." Finally, the court, in its Entry, stated that it notified appellant as  to the consequences of violating post-release control in the case :

{¶3}   Appellant now raises the following assignment of error on appeal:

{¶4}   I. THE TRIAL COURT ERRED WHEN IT FAILED TO NOTIFY THE APPELLANT AT SENTENCING THE AMOUNT OF TIME HE WOULD BE REQUIRED TO SERVE FOR THE TERMINATION OF HIS POST-RELEASE CONTROL.

I.

{¶5} Appellant argues that the trial court erred in failing to specify at sentencing the length of his sanction for violation post-release control. The State argues in rebuttal that the term will be calculated by the Adult Parole Authority.

{¶6} R.C. 2929.141(A)(1) provides for the termination of post-release control upon commission of a new felony as follows:

{¶7} (A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

{¶8} (1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

{¶9} Only the trial court itself may make the decision to sentence for a post-release control violation. *State v. Branham*, 2d Dist. Clark No. 2013–CA–49, 2014–Ohio–

5067. Once the court decides to impose a sentence for such a violation, it is bound by R.C. 2929.141 when determining the time to be served. *Id.*

{¶10} While the statute gives the court discretion to decide whether or not to sentence for a post-release control violation, once the court has decided to impose a sentence, that sentence is determined by statute. The trial court specifically stated on the record that it was terminating appellant's post-release control and that it would impose the time that appellant "had left on it", which would be the remainder of his post-release control. Transcript at 4. That specific sentence is calculable to a certainty from information within the possession of the Adult Parole Authority, while such information may not be readily available to the sentencing court. Therefore, we find no error in the trial court's failure to include the exact sentence in the sentencing entry, as the sentence may be administratively determined by the Adult Parole Authority as set forth by R.C. 2929.141(A)(1). See *State v. Clark*, 5th Dist. Muskingum No. CT2017–0032, 2018-Ohio-1155.

{¶11} Appellant's sole assignment of error is, therefore, overruled.

{¶12}  Accordingly, the judgment of the Muskingum County Common Pleas Court is affirmed.

By: Baldwin, J.

John Wise, P.J. and

Hoffman, J. concur.