[Cite as *State v. Brown*, 2020-Ohio-3568.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| JEFFREY S. BROWN | : | Case No. 2020 CA 0016 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 2018 CR 0015



JUDGMENT:                         Affirmed



DATE OF JUDGMENT:                 June 29, 2020



APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

PAULA M. SAWYERS                      JAMES A. ANZELMO
20 South Second Street                446 Howland Drive
Fourth Floor                          Gahanna, OH  43230
Newark, OH  43055

*Wise, Earle, J.*

{¶ 1}  Defendant-Appellant, Jeffrey S. Brown, appeals the January 23, 2020 judgment entry of the Court of Common Pleas of Licking County, Ohio, denying his motion to correct his sentence.  Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  On June 15, 2018, appellant pled guilty to one count of aggravated trafficking in drugs in violation of R.C. 2925.03, and one count of having weapons while under disability in violation of R.C. 2923.13.  By judgment entry filed same date, the trial court sentenced appellant to two years on the trafficking count and three years on the weapons count, to be served consecutively, plus an additional two years for committing the offenses while on post-release control, also to be served consecutively, for a total term of seven years in prison.

{¶ 3}  On March 6, 2019, appellant's convictions and sentence were affirmed on appeal.  *State v. Brown,* 5th Dist. Licking No. 18-CA-53, 2019-Ohio-1210.

{¶ 4}  On December 6, 2019, appellant filed in the trial court a motion to correct his sentence, arguing the adult parole authority had already imposed two sanctions for violating the terms of his post-release control, one for 150 days on January 12, 2016, and one for 180 days on April 26, 2017.  Appellant sought credit for having served those days.  By judgment entry filed January 23, 2020, the trial court denied the motion, finding the two year sentence imposed for the post-release control violation was less than the available amount remaining, and the issue was res judicata.

{¶ 5}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 6} "THE TRIAL COURT ERRED BY DENYING BROWN'S MOTION TO CORRECT HIS SENTENCE."

{¶ 7} Preliminarily, we note this case is before this court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in relevant part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶ 8} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶ 9} This appeal shall be considered in accordance with the aforementioned rules.

I

{¶ 10} In his sole assignment of error, appellant claims the trial court erred in denying his motion to correct his sentence. We disagree.

{¶ 11} In his motion, appellant argued because he previously served 330 days under two administratively imposed sanctions by the Adult Parole Authority, the two years imposed by the trial court for committing the offenses while under post-release control should have been reduced by said amount. Attached to his motion were two Sanction Receipt and Prison Term Orders showing the two administrative sanctions.

{¶ 12} During the sentencing hearing, the issue of the imposition of the post-release control sanction was discussed between the trial court and defense counsel. Defense counsel questioned the remaining time available, and appellant stated "I've done two sanctions, two years out of a four-year sentence." June 15, 2018 T. at 22. Defense counsel continued arguing the available amount, stating she wanted "to get the research and see * * * how much time he has left * * * [b]ecause I just don't think he has two years or I need to figure it out." T. at 24. The trial court noted appellant's "got more than two years," and stated "I'm giving him two out of the four that he has, yeah." *Id.* Defense counsel objected to the two year sanction and the consecutive nature of the sentences. *Id.* at 23-24. At the conclusion of the hearing, defense counsel asked "for the purposes of the PRC issue and the consecutive issue, will the Court appoint appellate counsel for that?" T. at 25-26. The trial court agreed to do so. *Id.*

{¶ 13} A motion to correct appellant's sentence with the two aforementioned prison term orders was not filed after the sentencing hearing. Instead, appellant chose to file a direct appeal, listing three assignments of error, the closest to challenging his sentence was his argument that his plea was not knowing, intelligent, and voluntary because he did not understand the consequences of his plea. *State v. Brown,* 5th Dist. Licking No. 18-CA-53, 2019-Ohio-1210. Appellant argued "the trial court did not indicate how much prison time it could impose for a post-release control sanction and that he did not understand the maximum sentence that he faced or the type of sanction he faced for violating post-release control." *Id.* at ¶ 12. This court reviewed the plea hearing transcript and found the trial court complied with Crim.R. 11 and "appellant was advised of the consequences of his plea." *Id.* at 15-16. Appellant did not contest the imposition of the

two year post-release control sanction, even though it was an issue raised during the sentencing hearing.

{¶ 14} As found by the trial court in its January 23, 2020 judgment entry, appellant's motion to correct his sentence was precluded by the doctrine of res judicata. In *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus, the Supreme Court of Ohio held the following:

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

{¶ 15} In *State v. O'Neal,* 5th Dist. Muskingum No. CT2008-0051, 2009-Ohio-2670, ¶ 15, this court found res judicata applied to the appellant's argument that the trial court "miscalculated the remaining time to be served under the PRC imposition, particularly as to a claimed 120-day administrative imposition." "We thus hold that res judicata indeed applies to appellant's '60(B)' post-conviction motion to correct sentence, as this mathematical issue could have been raised on direct appeal." *Id.* at ¶ 18.

{¶ 16} As in *O'Neal,* appellant herein had the opportunity to raise the issue on direct appeal, but chose not to do so.

{¶ 17} Upon review, we find the trial court did not err in denying appellant's motion to correct his sentence.

{¶ 18} The sole assignment of error is denied.

{¶ 19} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.

EEW/db