[Cite as *State v. Krouskoupf*, 2021-Ohio-3968.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. CT2021-0036 |
| | : | |
| HARRY H. KROUSKOUPF III | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Muskingum County
                                Court of Common Pleas, Case No.
                                CR2018-0007

JUDGMENT:                        AFFIRMED

DATE OF JUDGMENT ENTRY:          November 5, 2021

APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

RONALD L. WELCH                         HARRY H. KROUSKOUPF III, PRO SE
MUSKINGUM CO. PROSECUTOR                A742651
TAYLOR P. BENNINGTON                    Noble Correctional Institution
27 North 5th Street                     15708 McConnelsville Road
P.O. Box 189                            Caldwell, OH 43724
Zanesville, OH 43702-0189

*Delaney, J.*

{¶1} Appellant Harry H. Krouskoupf III appeals from the June 23, 2021 Entry of the Muskingum County Court of Common Pleas.  Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} A statement of the facts underlying appellant's conviction is not necessary to our resolution of this appeal.

### A.  Original convictions and sentence

{¶3}  On January 3, 2018, appellant was indicted on one count of grand theft in violation of R.C. 2913.02(A)(1), a felony of the fifth degree; two counts of petty theft in violation of R.C. 2913.02(A)(1), misdemeanors of the first degree; and two counts of aggravated robbery in violation of R.C. 2911.01(A)(1), felonies of the first degree. The indictment also contained firearm and repeat violent offender (R.V.O.) specifications. Appellant entered pleas of not guilty.

{¶4}  On February 26, 2018, appellant entered a plea of guilty to one count of theft as a felony of the fifth degree and two counts of robbery as felonies of the second degree, with a single R.V.O. specification. The remaining counts and specifications were dismissed. Pursuant to an Entry filed on March 13, 2018, appellant was sentenced to an aggregate sentence of thirteen years in prison.

{¶5} The trial court also found that appellant violated the terms of his post-release control, terminated appellant's post-release control, and ordered him to a prison term equal to the time remaining on that sanction. The court ordered appellant to serve that sentence consecutive to the thirteen-year prison sentence. (Id.)

### B. *Krouskoupf I*: *Reversed and remanded, appellant resentenced*

{¶6} Appellant filed a direct appeal of his convictions and sentence, arguing that before accepting his guilty plea to an offense committed while on post-release control, the trial court was required to inform him that a sentence for a post-release control violation must be served consecutively to the sentence for the newly-committed offense pursuant to R.C. 2929.141(A)(1). Appellant argued the trial court failed to properly advise him of the foregoing.

{¶7} Pursuant to an Opinion filed March 6, 2019 in *State v. Krouskoupf III*, 5th Dist. Muskingum No. CT2018-0020, 2019-Ohio-806 [*Krouskoupf I*], this Court vacated appellant's plea and remanded the case to the trial court for further proceedings, finding that the trial court had completely failed to inform appellant that a consecutive prison sentence under R.C. 2929.141(A) was possible.

{¶8} The trial court, as memorialized in an Entry filed on April 12, 2019, ordered that appellant's previously-entered guilty plea was vacated.

{¶9} Thereafter, on July 19, 2019, appellant withdrew his former not-guilty plea and entered a plea of guilty to the amended count of robbery in violation of R.C. 2911.02(A)(1), a felony of the second degree, and an amended count of robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree. Via an Entry filed on July 23, 2019, the trial court sentenced appellant to an aggregate prison sentence of eleven (11) years. The trial court terminated appellant's post-release control and ordered "that any time left remaining on that must be served consecutively to the sentence you just received here today..." In its July 23, 2019 Entry, the trial court stated that it was imposing the "remainder of time left on Post Release Control [to] be served in prison.

According to statute, it is mandatory that the remainder of time left on Post Release Control be served consecutively to the eleven (11) year aggregate prison sentence in the instant case."

{¶10} As memorialized in an Order filed on July 23, 2019, the remaining counts and specifications were dismissed.

*Resentencing entry: 564 days of jail-time credit*

{¶11} Relevant to the instant appeal, the July 23, 2019 entry further states: "Pursuant to R.C. 2929.19 and 2967.191 the Court found, and the parties stipulated, that [appellant] has five-hundred sixty-four (564) days of jail credit, along with future custody days while [appellant] awaits transportation to the appropriate State institution."

*August 27, 2019 entry: revision of jail-time credit*

{¶12} On August 27, 2019, the trial court journalized the following Journal Entry:

The conviction in this case having been overturned by the Court of Appeals, 5th District, was remanded back to the Muskingum County Court of Common Pleas. Thereafter, [appellant] pled guilty and was sentenced on July 19, 2019. The Court at that time ordered all jail credit applicable from origination of this case.

The Court having been advised [appellant] was never released from the custody of the Ohio Department of Rehabilitation and Correction and has been credited for all days through sentencing on this case hereby amends jail credit to be zero (0) days as of July 19, 2019.

*September 9, 2019 entry: revision of jail-time credit*

{¶13} On September 9, 2019, the trial court journalized an Amended Entry stating, "The Court hereby finds [appellant] is entitled to seventy (70) days of jail credit as of March 12, 2018."

### C. <u>Krouskopf II</u>: Convictions and sentence affirmed

{¶14} Appellant appealed from the trial court's July 23, 2019 judgment entry of conviction and sentence, arguing that his plea was not knowing, intelligent and voluntary because the trial court failed to advise him of the maximum penalty for the prison term that it imposed for his post-release control violation. Appellant argued that the trial court was obligated to notify him of the time he would be required to serve as a result of the violation of the terms of post release control.

{¶15} We disagreed as follows:

> * * * *. The trial court specifically stated on the record that it was terminating appellant's post-release control and that it would impose the time that appellant "had left on it", which would be the remainder of his post-release control. Transcript at 4. That specific sentence is calculable to a certainty from information within the possession of the Adult Parole Authority, while such information may not be readily available to the sentencing court. Therefore, we find no error in the trial court's failure to advise appellant of the exact sentence and include the exact sentence in the sentencing entry, as the sentence may be administratively determined by the Adult Parole Authority as set forth by R.C. 2929.141(A)(1). See *State v. Clark*, 5th

Dist. Muskingum No. CT2017–0032, 2018-Ohio-1155. See also *State v. Dunwoody,* 5th Dist. Muskingum No. CT2017-0050, 2018-Ohio-2386 and *State v. Johnson,* 5th Dist. Muskingum No. CT2017-0058, 2018-Ohio-2387.

*State v. Krouskoupf*, 5th Dist. Muskingum No. CT2019-0066, 2020-Ohio-1220, ¶ 15 [*Krouskoupf II*].

{¶16} We concluded that the trial court properly advised appellant of the penalty for the post-release control violation and appellant's plea was knowing, intelligent and voluntary. *Id.,* at ¶ 16. The trial court's judgment was therefore affirmed. *Id.*

*First motion for jail credit and motion overruled*

{¶17} On May 13, 2020, appellant filed a motion for jail-time credit, arguing that he was entitled to 564 days of credit.

{¶18} The trial court overruled the motion via judgment entry dated May 20, 2020, stating in pertinent part:

The Court's sentencing entry dated July 23, 2019 ordered five hundred sixty-four (564) days of jail credit. The defendant was conveyed to the Ohio Department of Rehabilitation and Corrections wherein it was determined that credit provided for had been calculated and applied to inmate Number A742651 on the above captioned case from the date of his initial incarceration and had not lapsed.

Based on the application of the jail credit toward the overall sentenced (*sic*) by the Ohio Department of Rehabilitation and

Corrections, the Court found the credit was not to be ordered in addition to the ongoing institutional credit and subsequently amended the order for jail credit on September 9, 2019 to be seventy (70) days originally ordered in the case in the entry filed March 13, 2018.

Finding the credit has been accounted for by the Department of Rehabilitation and Corrections, the Court finds the motion filed May 13, 2020 to be not well taken and denies the same.

*Second motion for jail credit and motion overruled*

{¶19} On March 15, 2021, appellant filed a "Motion for Jail Credit" asserting he was entitled to credit for 564 days because that amount was originally ordered in the July 23, 2019 Judgment Entry.

{¶20} The trial court overruled the motion via Journal Entry filed on March 19, 2021, and referred back to the Entry filed May 20, 2020.

{¶21} On June 1, 2021, appellant filed a motion entitled "'Reconsideration:' Motion for Jail-Time Credit," again arguing he is entitled to jail-time credit of 564 days.

{¶22} On June 23, 2021, the trial court overruled appellant's motion for reconsideration of the motion for jail-time credit.

{¶23} Appellant now appeals from the trial court's June 23, 2021 denial of the motion for reconsideration.

{¶24} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶25} "I. THE TRIAL COURT ERRED BY REFUSING TO APPLY A TOTAL OF 569 DAYS OF JAIL TIME CREDIT TO THE AGGREGATE SENTENCE, IN VIOLATION OF DEFENDANT-APPELLANT'S DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION."

{¶26} "II. THE TRIAL COURT ERRED BY IMPOSING A JUDICIAL SANCTION OF 2.15 YEARS (785 DAYS) FOR A VIOLATION OF P.R.C. IN MUSKINGUM COUNTY COMMON PLEAS COURT CASE NUMBER CR2011-0123, CONTRARY TO OHIO REVISED CODE 2929.141, IN VIOLATION OF DEFENDANT-APPELLANT'S DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION."

**ANALYSIS**

{¶27} As a preliminary matter, the instant case is before this court upon the accelerated calendar pursuant to App.R. 11.1(E), which provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶28} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *State v. Montgomery,* 5th Dist. No. 2017CA00035, 2017-Ohio-4397, 93 N.E.3d 185, ¶ 8, citing

*Crawford v. Eastland Shopping Mall Assn.,* 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist. 1983).

{¶29} This appeal shall be considered in accordance with the aforementioned rules.

I., II.

{¶30} Appellant's first and second assignments of error are related and will be considered together. Both issues are barred by res judicata and could have been raised upon direct appeal, rather than upon a motion for reconsideration. We overrule both assignments of error for the following reasons.

{¶31} The trial court first determined appellant was not entitled to any jail-time credit on August 27, 2019. The trial court then corrected that entry with its entry of September 9, 2019, determining appellant was entitled to 70 days of jail-time credit. Appellant did not appeal from either of these judgment entries.

{¶32} Instead, appellant filed a motion for jail-time credit, which the trial court overruled on May 20, 2020.  Appellant did not appeal from that judgment entry.

{¶33} Almost a year later, on March 15, 2021, appellant filed a second motion for jail-time credit, renewing his argument that he is entitled to the 564 days of credit ordered in the sentencing entry of July 23, 2019, which the trial court revised twice.

{¶34} The trial court overruled appellant's second motion for jail-time credit on March 19, 2021.  Appellant did not appeal from this judgment entry.

{¶35} Instead, appellant filed a motion for reconsideration of the motion for jail-time credit, essentially making the same argument for the third time.   The trial court

overruled the motion for reconsideration on June 23, 2021, and it is from this judgment entry that appellant finally appeals.

{¶36} Appellant's motion to reconsider has no legal effect; the trial court's decision regarding jail-time credit became final when appellant failed to raise the issue on direct appeal. "There is no authority for filing a motion for reconsideration of a final judgment at the trial court level in a criminal case." *State v. Bennett*, 5th Dist. Muskingum No. CT2005-0009, 2006-Ohio-2812, ¶ 13, citing *State v. Leach,* 12th Dist. Clermont No. CA2004-02-011, 2005-Ohio-2370, ¶ 6, internal citation omitted. It is well-settled that a motion for reconsideration of a final judgment is a nullity. *Bennett, supra*, citing *State v. Stillman,* 5th Dist. Fairfield No. 2005-CA-55, 2005-Ohio-6299, ¶ 36, internal citation omitted.

{¶37} Further, under the doctrine of res judicata, " * * * a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶38} We have previously applied the doctrine of res judicata to a jail-time credit motion that alleges an erroneous legal determination on jail time credit. *State v. O'Neal*, 5th Dist. Muskingum No. CT2008-0051, 2009-Ohio-2670, ¶15, citing *State v. Moyer,* 5th Dist. Guernsey No. 07 CA 18, 2008-Ohio-2166, ¶ 14, internal citation omitted; see also, *State v. Brown*, 5th Dist. Licking No. 2020 CA 0016, 2020-Ohio-3568, *appeal not allowed,* 160 Ohio St.3d 1421, 2020-Ohio-4811, 154 N.E.3d 107 [motion to correct sentence

precluded by res judicata because mathematical sentence-calculation issue could have been raised on direct appeal].

{¶39} Appellant's second assignment of error is also barred by res judicata because he failed to raise the issue in *Krouskoupf II.* Appellant argues the trial court erred in imposing the time remaining on post-release control in a separate case. We decline to address this issue which appellant bootstrapped to an appeal of the motion to reconsider the jail-time credit issue.

{¶40} Appellant's two assignments of error are not well-taken and are overruled.

### CONCLUSION

{¶41} Appellant's two assignments of error are overruled and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Wise, Earle, J., concur.