[Cite as *State v. Krouskoupf*, 2024-Ohio-1748.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| HARRY H. KROUSKOUPF III | : | Case No. CT2024-0013 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Case No. CR2018-0007


JUDGMENT:    Affirmed


DATE OF JUDGMENT:    May 6, 2024


APPEARANCES:

For Plaintiff-Appellee

JOSEPH A. PALMER
27 North Fifth Street
Zanesville, OH 43701

For Defendant-Appellant

HARRY H. KROUSKOUPF III
INMATE NO. A742-651
15708 McConnelsville Road
Caldwell, OH 43724

*King, J.*

{¶ 1}  Defendant-Appellant Harry H. Krouskoupf, III appeals the February 17, 2023 judgment of the Muskingum County Court of Common Pleas. Plaintiff-Appellee is the state of Ohio.

Facts and Procedural History

{¶ 2}  A recitation of the underlying facts is unnecessary for our resolution of this appeal. Krouskoupf has appealed to this court on five prior occasions. We have previously outlined the procedural history of this matter as follows.

{¶ 3}  On January 3, 2018, the Muskingum County Grand Jury returned an indictment charging Krouskoupf with one count of grand theft in violation of R.C. 2913.02(A)(1), a felony of the fifth degree; two counts of petty theft in violation of R.C. 2913.02(A)(1), misdemeanors of the first degree; and two counts of aggravated robbery in violation of R.C. 2911.01(A)(1), felonies of the first degree. The indictment also contained firearm and repeat violent offender (R.V.O.) specifications.

{¶ 4}  On February 26, 2018, Krouskoupf withdrew his previously entered not pleas of not guilty and entered a pleas of guilty to one count of theft as a felony of the fifth degree, and two counts of robbery as felonies of the second degree, and a single R.V.O. specification. The remaining counts and specifications were dismissed. Pursuant to a judgment entry filed on March 13, 2018, Krouskoupf was sentenced to an aggregate prison term eleven years.

{¶ 5}  Krouskouph was on post-release control at the time he committed the above outlined offenses. The trial court therefore also found that Krouskoupf had violated the

terms of his post-release control, terminated Krouskoupf's post-release control, and ordered him to serve a prison term equal to the time remaining on that sanction. The court ordered Krouskoupf to serve that sentence consecutive to the eleven-year prison sentence.

{¶ 6}   Krouskoupf filed a direct appeal of his convictions and sentence, arguing that before accepting his guilty plea to an offense committed while on post-release control, the trial court was required to inform him that a sentence for a post-release control violation must be served consecutively to the sentence for the newly-committed offense pursuant to R.C. 2929.141(A)(1). Krouskoupf argued the trial court failed to properly advise him of the foregoing.

{¶ 7}   Under an opinion filed March 6, 2019 in *State v. Krouskoupf III*, 5th Dist. Muskingum No. CT2018-0020, 2019-Ohio-806 [*Krouskoupf I*], this Court vacated Krouskoupf's plea and remanded the case to the trial court for further proceedings, finding that the trial court had completely failed to inform Krouskoupf that a consecutive prison sentence under R.C. 2929.141(A) was possible.

{¶ 8}   The trial court, as memorialized in an Entry filed on April 12, 2019, ordered that Krouskoupf's previously-entered guilty plea was vacated.

{¶ 9}   Thereafter, on July 19, 2019, Krouskoupf withdrew his former not-guilty plea and entered a plea of guilty to the amended count of robbery in violation of R.C. 2911.02(A)(1), a felony of the second degree, and an amended count of robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree. Via an Entry filed on July 23, 2019, the trial court sentenced Krouskoupf to an aggregate prison sentence of eleven years. The trial court terminated Krouskoupf's post-release control and ordered "that any

time left remaining on that must be served consecutively to the sentence you just received here today ..." In its July 23, 2019 Entry, the trial court stated that it was imposing the "remainder of time left on Post Release Control [to] be served in prison. According to statute, it is mandatory that the remainder of time left on Post Release Control be served consecutively to the eleven (11) year aggregate prison sentence in the instant case." The July 23, 2019 entry further stated: "Pursuant to R.C. 2929.19 and 2967.191 the Court found, and the parties stipulated, that [Krouskoupf] has five-hundred sixty-four (564) days of jail credit, along with future custody days while [Krouskoupf] awaits transportation to the appropriate State institution."

{¶ 10} As memorialized in an Order filed on July 23, 2019, the remaining counts and specifications were dismissed.

{¶ 11} Later, apparently realizing it had miscalculated Krouskoupf's jail credit, on August 27, 2019, the trial court issued the following statement in its Journal Entry:

> The conviction in this case having been overturned by the Court of Appeals, 5th District, was remanded back to the Muskingum County Court of Common Pleas. Thereafter, [Krouskoupf] pled guilty and was sentenced on July 19, 2019. The Court at that time ordered all jail credit applicable from origination of this case.
>
> The Court having been advised [Krouskoupf] was never released from the custody of the Ohio Department of Rehabilitation and Correction and has been credited for all days through sentencing on

this case hereby amends jail credit to be zero (0) days as of July 19, 2019.

{¶ 12} On September 9, 2019, however, the trial court journalized an Amended Entry stating, "The Court hereby finds [Krouskoupf] is entitled to seventy (70) days of jail credit as of March 12, 2018."

{¶ 13} Krouskoupf appealed from the trial court's July 23, 2019 judgment entry of conviction and sentence, arguing that his plea was not knowing, intelligent and voluntary because the trial court failed to advise him of the maximum penalty for the prison term that it imposed for his post-release control violation. Krouskoupf argued that the trial court was obligated to notify him of the time he would be required to serve as a result of the violation of the terms of post release control. We disagreed as follows:

> The trial court specifically stated on the record that it was terminating appellant's post-release control and that it would impose the time that appellant "had left on it," which would be the remainder of his post-release control. Transcript at 4. That specific sentence is calculable to a certainty from information within the possession of the Adult Parole Authority, while such information may not be readily available to the sentencing court. Therefore, we find no error in the trial court's failure to advise appellant of the exact sentence and include the exact sentence in the sentencing entry, as the sentence may be administratively determined by the Adult Parole Authority as set forth

by R.C. 2929.141(A)(1). See *State v. Clark*, 5th Dist. Muskingum No. CT2017-0032, 2018-Ohio-1155. See also *State v. Dunwoody*, 5th Dist. Muskingum No. CT2017-0050, 2018-Ohio-2386 and *State v. Johnson*, 5th Dist. Muskingum No. CT2017-0058, 2018-Ohio-2387.

{¶ 14} *State v. Krouskoupf*, 5th Dist. Muskingum No. CT2019-0066, 2020-Ohio-1220, ¶ 15 [*Krouskoupf II*].

{¶ 15} We concluded that the trial court properly advised Krouskoupf of the penalty for the post-release control violation and Krouskoupf's plea was knowing, intelligent and voluntary. *Id.*, at ¶ 16. The trial court's judgment was therefore affirmed. *Id.*

{¶ 16} On May 13, 2020, Krouskoupf filed a motion for jail-time credit, arguing that he was entitled to 564 days of credit.

{¶ 17} The trial court overruled the motion via judgment entry dated May 20, 2020, stating in pertinent part:

> The Court's sentencing entry dated July 23, 2019 ordered five hundred sixty-four (564) days of jail credit. The defendant was conveyed to the Ohio Department of Rehabilitation and Corrections wherein it was determined that credit provided for had been calculated and applied to inmate Number A742651 on the above captioned case from the date of his initial incarceration and had not lapsed.
>
> Based on the application of the jail credit toward the overall sentenced [sic] by the Ohio Department of Rehabilitation and

Corrections, the Court found the credit was not to be ordered in addition to the ongoing institutional credit and subsequently amended the order for jail credit on September 9, 2019 to be seventy (70) days originally ordered in the case in the entry filed March 13, 2018.

Finding the credit has been accounted for by the Department of Rehabilitation and Corrections, the Court finds the motion filed May 13, 2020 to be not well taken and denies the same.

{¶ 18} On March 15, 2021, Krouskoupf filed a "Motion for Jail Credit" asserting he was entitled to credit for 564 days because that amount was originally ordered in the July 23, 2019 Judgment Entry.

{¶ 19} The trial court overruled the motion via Journal Entry filed on March 19, 2021, and referred back to the Entry filed May 20, 2020.

{¶ 20} On June 1, 2021, Krouskoupf filed a motion entitled Reconsideration: Motion for Jail-Time Credit, again arguing he was entitled to jail-time credit of 564 days.

{¶ 21} On June 23, 2021, the trial court overruled Krouskoupf's motion for reconsideration of the motion for jail-time credit.

{¶ 22} Krouskouph appealed the trial court's June 23, 2021 denial of the motion for reconsideration raising two assignments of error. This court overruled both assignments of error finding Krouskoupf's motion for reconsideration was of no legal effect and that both assignments of error were barred by the doctrine of res judicata. *State*

*v. Krouskoupf*, 5th Dist. Muskingum No. CT2019-0066, 2020-Ohio-0036, ¶ 36-40 [*Krouskoupf III*].

{¶ 23} On February 28, 2022 Krouskoupf filed a writ of mandamus, again challenging the calculation of his jail time credit. *State ex rel. Krouskouph v. Ohio Department of Rehabilitation and Correction*, 5th Dist. Muskingum No. CT2022-0012, 2022-Ohio-1310 [*Krouskoupf IV*]. As grounds for relief, Krouskoupf argued the September 9, 2019 amended Judgment Entry was contrary to law because it was filed without him being present for the change in jail-time credit, and that Judge Fleegle, in effect, extended his sentence by filing the amended Judgment Entry reducing his jail-time credit from 564 days to 70 days. Id. ¶ 5.

{¶ 24} Following a discussion of Krouskoupf's three previous appeals, this court found Krouskoupf could not state a claim for mandamus relief based on the doctrine of res judicata and the availability of an adequate remedy at law which Krouskoupf had failed to pursue. *Id.* ¶¶10, 26.

{¶ 25} On July 21, 2022, Krouskoupf filed a Motion to Correct Sentencing Error, again arguing he is entitled to 564 days of jail-time credit. On February 1, 2023, he filed a Motion for Summary Judgment.

{¶ 26} Following a review of this court's previous holdings regarding Krouskoupf's multiple attempts to challenge or appeal his sentence, On February 17, 2023 via Judgment Entry, the trial court denied Krouskoupf's motions finding them precluded by res judicata.

{¶ 27} Krouskoupf appealed the trial court's decision arguing the trial court was without jurisdiction to amend his sentence and did so without he or his counsel being

present. We found Krouskoupf's arguments barred by res judicata. *State v. Krouskuopf*, 5th Dist. Muskingum No. CT2023-0012, 2023-Ohio-2765 [*Krouskoupf V*] ¶ 38.

{¶ 28} On October 20, 2023, Krouskoupf filed with the Supreme Court of Ohio, a motion for delayed appeal of our decision in *Krouskuopf V*. On December 26, 2023, the motion was denied.

{¶ 29} On September 21, 2023, Krouskoupf filed a writ of mandamus with the Supreme Court of Ohio requesting that the Court compel this court to "follow Ohio and Federal law concerning his sentence; compelling the amendments to his sentence to be considered as void and a nullity." On November 8, 2023, the Court granted the state's motion to dismiss the writ. *Harry H. Krouskoupf III v. Fifth District Court of Appeals*, 2023-1113.

{¶ 30} On November 27, 2023, Krouskoupf filed a motion in the trial court entitled "Defendant's Motion to Vacate Amended Entries (due to lack of jurisdiction)." In his motion, Krouskoupf raised essentially the same arguments raised in *Krouskouph V*, arguing the trial court was without jurisdiction to amend his sentence on August 27, 2019 and September 9, 2019 judgment entries, presumably referring to his jail time credit. On December 22, 2023, the trial court denied Krouskoupf's motion, construing it as a motion for post-conviction relief barred by res judicata.

{¶ 31} Krouskoupf filed an appeal and the matter is now before this court for consideration. He raises one assignment of error as follows:

I

{¶ 32} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT AMENDED KROUSKOUPF'S SENTENCE AFTER HE HAD PERFECTED A WRITTEN NOTICE OF

APPEAL AND THE TRIAL COURT HAD BEEN DIVESTED OF JURISDICTION, DENYING HIM OF HIS DUE PROCESS RIGHTS AND EQUAL PROTECTION OF LAW UNDER BOTH THE OHIO AND UNITED STATES CONSTITUTIONS AND IN VIOLATION OF HIS RIGHTS TO A FAIR TRIAL AND EFFECTIVE ASSISTANCE OF COUNSEL DURING THE AMENDMENTS TO HIS SENTENCE UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION."

{¶ 33} In his sole assignment of error, Krouskoupf makes no argument as to why the trial court should not have treated his motion as a motion for post-conviction relief which was barred by res judicata. Instead, he repeats the same arguments regarding his jail time credit that he has made multiple times in the past.

{¶ 34} As we stated in *Krouskoupf V*, the trial court first determined Krouskoupf was not entitled to any jail-time credit on August 27, 2019. The trial court then corrected that entry with its September 9, 2019 entry, determining Krouskoupf was entitled to 70 days of jail-time credit. Krouskoupf did not appeal from either of these judgment entries.

{¶ 35} A motion to correct or vacate a sentence may be construed as a petition for post-conviction relief where, as in Krouskoupf's latest motion, the motion was filed subsequent to a direct appeal, claimed a denial of constitutional rights, sought to render the judgment void, and asks for a vacation of the judgment and sentence. See *State v. Reynolds*, 79 Ohio St.3d 158, 160-161, 679 N.E.2d 1131 (1997).

{¶ 36} Under the doctrine of res judicata, "* * * a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which

resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. "To avoid the preclusive effect of res judicata, post-conviction relief claims must be 'based on evidence outside of the original record that existed during direct appellate proceedings.' " *State v. Meyerson*, 9th Dist. Summit No. 30260, 2023-Ohio-708, ¶ 15, *citing State v. Bulls,* 9th Dist. Summit No. 27713, 2015-Ohio-5094, ¶ 9.

{¶ 37}  We overrule Krouskoupf's assignment of error as the trial court correctly found his motion was a petition for post-conviction relief which was barred by res judicata.

{¶ 38} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By King, J.,

Delaney, P.J. and

Baldwin, J. concur.