[Cite as *State v. Krouskoupf*, **2019-Ohio-806.**]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2018-0020 |
| HARRY H. KROUSKOUPF III | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Muskingum County Court of Common Pleas, Case No. CR2018-0007

JUDGMENT:      Vacated and Remanded

DATE OF JUDGMENT ENTRY:      March 6, 2019

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

D. MICHAEL HADDOX
Prosecuting Attorney
BY: GERALD ANDERSON II
Assistant Prosecutor
27 North Fifth St., Box 189
Zanesville, OH 43702-0189

JAMES ANZELMO
446 Howland Drive
Gahanna, OH 43230

*Gwin, P.J.*

**{¶1}** Appellant Harry H. Krouskoupf, III ["Krouskoupf"] appeals his conviction and sentence after a negotiated guilty plea in the Muskingum County Court of Common Pleas.

*Facts and Procedural History*

**{¶2}** On January 3, 2018, Krouskoupf was indicted on one count of theft, a felony of the fifth degree, in violation of R.C. 2913.02(A)(1), two counts of theft, misdemeanors of the first degree, in violation of R.C. 2913.02(A)(1), and two counts of aggravated robbery, felonies of the first degree, in violation of R.C. 2911.01(A)(1).

**{¶3}** On February 26, 2018, Krouskoupf entered a plea of guilty to theft, felony of the fifth degree, and two counts of robbery, felonies of the second degree, with a repeat violent offender specification.

**{¶4}** During the plea hearing, Krouskoupf noted that he was currently on "parole." (Plea Hearing, Feb. 26, 2018 at 6-7). During the sentencing hearing, the court ordered Krouskoupf to serve thirteen years in prison for the offenses to which he pleaded guilty. (Sent. Hearing, Mar. 12, 2018 at 8).

**{¶5}** The court also found that Krouskoupf violated the terms of his post-release control. The trial court terminated Krouskoupf's post-release control and ordered him to a prison term equal to the time remaining on that sanction. (Id. at 8-9). The court ordered Krouskoupf to serve that sentence consecutive to the thirteen-year prison sentence. (Id.)

I.

**{¶6}** In his First Assignment of Error, Krouskoupf argues that the trial court was required to inform Krouskoupf before accepting his guilty plea to an offense he committed while on post-release control that pursuant to R.C. 2929.141(A)(1) a sentence for a post-

release control violation must be served consecutively to the sentence for the newly committed offense.  [Appellant Brief at 4-5].

**STANDARD OF APPELLATE REVIEW**

{¶7}   The entry of a plea of guilty is a grave decision by an accused to dispense with a trial and allow the state to obtain a conviction without following the otherwise difficult process of proving his guilt beyond a reasonable doubt.  *See Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473(1962).  A plea of guilty constitutes a complete admission of guilt.  Crim. R. 11 (B) (1).  "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime."  *United v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 762, 102 L.Ed.2d 927(1989).

{¶8}   Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily.  Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C).   *State v. Ballard*, 66 Ohio St.2d 473, 475, 423 N.E.2d 115(1981), *citing State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163(1977).  In *State v. Griggs*, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11:

Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non-constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice.[*State v. Nero* (1990), 56 Ohio St.3d 106,] 108, 564 N.E.2d 474.

The test for prejudice is 'whether the plea would have otherwise been made.

Id. Under the substantial-compliance standard, we review the totality of

circumstances surrounding [the defendant's] plea and determine whether

he subjectively understood [the effect of his plea]. *See, State v. Sarkozy,*

117 Ohio St.3d 86, 2008-Ohio-509 at ¶ 19-20.

103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶12.

### <u>ISSUE FOR APPEAL</u>

*Whether the trial court was required to inform Krouskoupf before accepting his guilty plea to an offense he committed while on post-release control that pursuant to R.C. 2929.141(A)(1) a sentence for a post-release control violation must be served consecutively to the sentence for the newly committed offense.*

{¶9}    The Ohio Supreme Court has held a trial court must inform a defendant who is on post-release control and is pleading guilty to a new felony offense of the trial court's authority to revoke the defendant's post-release control and impose a prison term consecutively to any term of imprisonment it imposes for that new felony offense. In *State v. Bishop*, the defendant, while on post-release control for a prior felony, pleaded guilty to a felony drug possession charge. ___Ohio St.3d ___, 2018-Ohio-5132, ¶3 (July 18, 2018). The trial court sentenced Bishop to serve a nine-month term of imprisonment for the possession offense. Id. at ¶4. For the post-release control violation the trial court ordered Bishop to serve a one-year prison sentence under R.C. 2929.141 consecutively to the sentence for the possession offense. Id. Upon direct appeal, the Second District Court of Appeals concluded that the trial court erred by failing to advise Bishop, at the time of his plea to the new felony offense, that he could have to serve an additional

consecutive sentence for his post-release control violation.  Id. ¶5. The Second District Court of Appeals certified that its decision conflicted with, among others, our decision in *State v. Hicks,* 5th Dist. Delaware No. 09CAA090088, 2010-Ohio-2985, in which we held that Crim.R. 11 does not require the trial court to inform the defendant of the possible effects of his guilty plea to a new offense on his post-release control.  *Hicks* at ¶10-13. The Supreme Court accepted the conflict on the following question: "[w]hether a criminal defendant on [post-release control] for a prior felony must be advised, during his plea hearing in a new felony case, of the trial court's ability under R.C. 2929.141 to terminate his existing [post-release control] and to impose a consecutive prison sentence for the [post-release-control] violation."  152 Ohio St.3d 1404, 2018-Ohio-723, 92 N.E.3d 877.

{¶10}  A majority of the Ohio Supreme Court found,

> Crim.R. 11(C)(2)(a) requires a trial court to advise a criminal defendant on post-release control for a prior felony, during his plea hearing in a new felony case, of the trial court's authority under R.C. 2929.141 to terminate the defendant's existing post-release control and to impose a consecutive prison sentence for the post-release-control violation.  We therefore answer the certified question in the affirmative and affirm the judgment of the Second District Court of Appeals.

*Bishop,* 2018-Ohio-5132, ¶21.

{¶11}  *Bishop* is important to the analysis in the case at bar because in the case at bar the trial court similarly failed to inform Krouskoupf that he was also subject to a separate consecutive sentence for his post-release control violation,

THE COURT: Also, are you currently on any form of probation, parole, community control sanctions, anything like that?

THE DEFENDANT: Yes.

THE COURT: And what are you on?

THE DEFENDANT: Parole.

THE COURT: You understand by pleading guilty, that could lead to a violation of your parole?

THE DEFENDANT: Yes, sir.

T., Plea Hearing, Feb. 26, 2018 at 6-7.  In *Bishop,* the Ohio Supreme Court found that Bishop did not need to show that the trial court's error prejudiced him because the Supreme Court found, "the trial court completely failed to inform Bishop that a consecutive prison sentence under R.C. 2929.141(A) was possible.  That is not partial compliance. Bishop need not show prejudice."  *Bishop,* 2018-Ohio-5132, ¶20.

{¶12}  We conclude in the case at bar that the trial court completely failed to inform Krouskoupf that a consecutive prison sentence under R.C. 2929.141(A) was possible. Krouskoupf was not required to show that he was prejudiced by the trial court's error.

{¶13}  Krouskoupf's First Assignment of Error is sustained.

II.

{¶14}  In his Second Assignment of Error, Krouskoupf contends that he received ineffective assistance of counsel because his trial attorney failed to request the trial court waive the assessment of court costs.  [Appellant's Brief at 6].

{¶15}  In light of our disposition of Krouskoupf's First Assignment of Error, we find his Second Assignment of Error to be moot.

{¶16}  Section 3(B) (2), Article IV of the Ohio Constitution and R.C. 2953.07, gives an appellate court the power to affirm, reverse, or modify the judgment of an inferior court.

{¶17}  On the authority contained in Section 3(B) (2), Article IV of the Ohio Constitution and R.C. 2953.07 Krouskoupf's plea is vacated and this case is remanded to the trial court for proceedings in accordance with our opinion and the law.

By Gwin, P.J.,

Baldwin, J., and

Wise, Earle, J, concur