[Cite as *State v. Smith*, 2019-Ohio-1608.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| STEVEN L. SMITH | : | Case No. 18CA19 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Knox County Court
                                                        of Common Pleas, Case No.
                                                        18CR04-0132

JUDGMENT:                                      Remanded

DATE OF JUDGMENT:                       April 29, 2019

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

CHARLES T. MCCONVILLE                 JOHN S. PYLE
NICOLE E. DERR                                Knox County Public Defender
Knox County Prosecutor                      110 East High Street
117 East High Street, Suite 234           Mount Vernon, Ohio 43050
Mount Vernon, Ohio 43050

*Baldwin, J.*

**{¶1}** Defendant-appellant Steven L. Smith appeals from the September 24, 2018 Sentencing Entry of the Knox county Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

**{¶2}** On April 17, 2018, the Knox County Grand Jury indicted appellant on one count of trafficking in marijuana in violation of R.C. 2925.03(A)(2), a felony of the fifth degree. At his arraignment on April 20, 2018, appellant entered a plea of not guilty to the charge.

**{¶3}** Thereafter, on August 3, 2018, appellant withdrew his former not guilty plea and entered a plea of guilty to the charge contained in the indictment. A presentence investigation report was ordered. At his sentencing hearing on September 19, 2018, appellant was sentenced to eleven months in prison. The trial court also imposed a definite term of imprisonment of 884 days for appellant's violation of his post-release control in Case No. 13CR07-0112, a prior felony offense, and ordered that the sentences be served consecutively.

**{¶4}** Immediately after sentencing, appellant made an oral motion to withdraw his guilty plea pursuant to Crim.R. 32.1 to correct a manifest injustice. Appellant's counsel argued that it was a manifest injustice to impose consecutive maximum sentences on someone who was a Navy veteran and who was genuinely mentally ill. The following discussion took place on the record**:**

**{¶5}** THE COURT: Okay. I'm going to deny your motion. …Let's do this: tell my why you want to withdraw your plea?

**{¶6}** MR. PYLE. He's – because he--

**{¶7}** THE COURT: No, I want him to tell me. It's up to the defendant to tell me why he wants to withdraw his plea. Please tell me.

**{¶8}** DEFENDANT: Well, it don't sound like it's fair for 800 and how many days?

**{¶9}** THE COURT: 884.

**{¶10}** DEFENDANT: That's almost 3 years.

**{¶11}** THE COURT: It's about two-and-a-half years.

**{¶12}** DEFENDANT: For an F5.

**{¶13}** THE COURT: For an F5 and a PRC violation from an underlying sex offense where you raped a little girl.

**{¶14}** DEFENDANT: I mean, I didn't rape a little girl. I babysit - - that was 18. She showed me her ID, she was 18. It wasn't till after the fact I found out.

**{¶15}** THE COURT: I find that hard to believe based upon the facts of the underlying case that's why I got the PSI from the previous case. So you're telling me you want to withdraw your plea today because you don't think it's fair that I – I applied the law that if you violate the terms of your post-release control and you commit a new felony you can be sentenced for a period of one year or whatever time is remaining on your post-release control, whichever is longer, and that has a consecutive sentence provision pursuant to statute, and you're telling me that you don't – you want to withdraw your plea because you don't think that's fair; is that right?

**{¶16}** DEFENDANT: I didn't know you could get sentenced to two-and-a half years, I didn't know.

**{¶17}** THE COURT: Okay. And that's the reason you want to withdraw your plea?

{¶18} DEFENDANT: Yeah.

{¶19} Transcript of September 19, 2018 hearing at 9-10. The trial court then denied the motion to withdraw.

{¶20} The trial court memorialized its decision denying the motion to withdraw in a Decision and Entry filed on September 21, 2018 and appellant's sentence in a Sentencing Entry filed on September 24, 2018.

{¶21} Appellant now raises the following assignments of error on appeal:

{¶22} "I. THE TRIAL COURT ERRED BY DENYING MR. SMITH HIS RIGHT TO COUNSEL AS GUARANTEED BY [THE] SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

{¶23} "II. THE TRIAL COURT ERRED BY DENYIING (SIC) THE APPEALLANT'S (SIC) MOTION TO WITHDRAW HIS GUILTY PLEA."

I

{¶24} Appellant, in his first assignment of error, argues that the trial court erred by denying him his right to counsel.

{¶25} Appellant specifically contends that the trial court prohibited defense counsel from arguing the motion to withdraw and by requiring appellant to serve as his own lawyer in arguing the motion. However, at the September 19, 2018 hearing, after defense counsel moved for leave to withdraw appellant's guilty plea, arguing that the sentence was a manifest injustice, the trial court asked appellant to explain why he wanted to withdraw his plea and heard from appellant. At no point thereafter did defense counsel make an effort to further argue the motion or did appellant ask that his counsel

be heard further. We agree with appellee that "[d]efense counsels' decision not to ask to be heard further is not an affront to Appellant's right to counsel."

{¶26} Appellant's first assignment of error is, therefore, overruled.

II

{¶27} Appellant, in his second assignment of error, maintains that the trial court erred in denying his post- sentence oral motion to withdraw his guilty plea. We disagree.

{¶28} Crim.R. 32.1 states as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶29} Our review of a trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. *State v. Caraballo*, 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). " * * * [T]he good faith, credibility and weight of the movant's assertions in support of the [Crim.R. 32.1] motion are matters to be resolved by [the trial] court." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus (1977).

{¶30} A Crim.R. 32.1 motion is not a challenge to the validity of a conviction or sentence, and instead only focuses on the plea. *State v. Hill*, 5th Dist. Stark No. 2015 CA 00036, 2015-Ohio-3312, ¶ 17 citing *State v. Bush*, 96 Ohio St.3d 235, 2002–Ohio–3993,773 N.E.2d 522, ¶ 13. However, under the "manifest injustice" standard, a post-

sentence withdrawal motion is allowable only in extraordinary cases. *State v. Aleshire*, 5th Dist. Licking No. 09–CA–132, 2010–Ohio–2566, ¶ 60, citing *Smith*, *supra*, at 264. Furthermore, " * * * if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. * * * " *State v. Peterseim*, 68 Ohio App.2d 211, 213, 428 N.E.2d 863 (8th Dist.1980), quoting *Kadwell v. United States*, 315 F.2d 667(C.A.9, 1963).

**{¶31}** The defendant bears the burden of proving "manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). Whether the defendant has sustained that burden is within the sound discretion of the trial court and we review the trial court's decision for an abuse of discretion.

**{¶32}** As is stated above, under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Williams*, 5th Dist. Tuscarawas No. 2013 AP 04 0020, 2014–Ohio–5727. A manifest injustice has been defined as a "clear or openly unjust act." *State v. Congrove*, 5th Dist. Delaware No. 09CA090080, 2010–Ohio–2933, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 1998-Ohio-271, 699 N.E.2d 2983. "A manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through any form of application reasonably available to him." *State v. Williams*, 5th Dist. Tuscarawas No. 2013 AP 04 0020, 2014–Ohio–5727 (Dec. 26, 2014).

**{¶33}** Crim.R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need

only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard*, 66 Ohio St.2d 473, 475, 423 N.E.2d 115 (1981), *citing State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). In *State v. Griggs*, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11:

> Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non-constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice.[*State v. Nero* (1990), 56 Ohio St.3d 106,] 108, 564 N.E.2d 474. The test for prejudice is 'whether the plea would have otherwise been made. Id. Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]. *See, State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224 at ¶ 19-20.

103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12.

**{¶34}** Appellant, in the case sub judice, argued that he wanted to withdraw his plea because he did not know that he could be sentenced to 884 days for violating his post-release control in Case No. 13CR07-0112. At the change of plea hearing, appellant's counsel indicated to the trial court that appellant had "PRC time lurking in the background, and I have been unsuccessful in negotiating a recommendation from the State as to PRC time." Transcript of August 3, 2018 hearing at 2. The Prosecutor advised

the trial court on the record that appellant's post-release control expired in February of 2021.

**{¶35}** The Ohio Supreme Court has held a trial court must inform a defendant who is on post-release control and is pleading guilty to a new felony offense of the trial court's authority to revoke the defendant's post-release control and impose a prison term consecutively to any term of imprisonment it imposes for that new felony offense. In *State v. Bishop*, the defendant, while on post-release control for a prior felony, pleaded guilty to a felony drug possession charge. —— Ohio St.3d ——, 2018-Ohio-5132, ¶ 3 (July 18, 2018). The trial court sentenced Bishop to serve a nine-month term of imprisonment for the possession offense. Id. at ¶ 4. For the post-release control violation the trial court ordered Bishop to serve a one-year prison sentence under R.C. 2929.141 consecutively to the sentence for the possession offense. Id. Upon direct appeal, the Second District Court of Appeals concluded that the trial court erred by failing to advise Bishop, at the time of his plea to the new felony offense, that he could have to serve an additional consecutive sentence for his post-release control violation. Id. ¶ 5. The Second District Court of Appeals certified that its decision conflicted with, among others, our decision in *State v. Hicks,* 5th Dist. Delaware No. 09CAA090088, 2010-Ohio-2985, in which we held that Crim.R. 11 does not require the trial court to inform the defendant of the possible effects of his guilty plea to a new offense on his post-release control. *Hicks* at ¶ 10-13. The Supreme Court accepted the conflict on the following question: "[w]hether a criminal defendant on [post-release control] for a prior felony must be advised, during his plea hearing in a new felony case, of the trial court's ability under R.C. 2929.141 to terminate

his existing [post-release control] and to impose a consecutive prison sentence for the [post-release-control] violation." 152 Ohio St.3d 1404, 2018-Ohio-723, 92 N.E.3d 877.

**{¶36}** A majority of the Ohio Supreme Court found,

> Crim.R. 11(C)(2)(a) requires a trial court to advise a criminal defendant on post-release control for a prior felony, during his plea hearing in a new felony case, of the trial court's authority under R.C. 2929.141 to terminate the defendant's existing post-release control and to impose a consecutive prison sentence for the post-release-control violation. We therefore answer the certified question in the affirmative and affirm the judgment of the Second District Court of Appeals.

*Bishop,* 2018-Ohio-5132*, ¶21.*

**{¶37}** *Bishop* is important to the analysis in the case at bar because in the case at bar the trial court similarly failed to inform appellant that he was also subject to a separate consecutive sentence for his post-release control violation in Case No. 13CR07-0112, a prior felony offense.

**{¶38}** In *Bishop,* the Ohio Supreme Court found that Bishop did not need to show that the trial court's error prejudiced him because the Supreme Court found, "the trial court completely failed to inform Bishop that a consecutive prison sentence under R.C. 2929.141(A) was possible. That is not partial compliance. Bishop need not show prejudice." *Bishop*, 2018-Ohio-5132, ¶ 20.

**{¶39}** We conclude in the case at bar that the trial court failed to inform appellant at the change of plea hearing that a consecutive prison sentence under R.C. 2929.141(A)

was possible. Appellant was not required to show that he was prejudiced by the trial court's error. On such basis, we sustain appellant's sole assignment of error.

{¶40} On the authority contained in Section 3(B) (2), Article IV of the Ohio Constitution and R.C. 2953.07 appellant's plea is vacated and this case is remanded to the trial court for proceedings in accordance with our Opinion and the law. See *State v. Krouskoupff*, III, 5th Dist. Muskingum No. CT2018-0020, 2019 -Ohio- 806.

By: Baldwin, J.

Gwin, P.J. and

Wise, John, J. concur.