[Cite as *State ex rel. Krouskoupf v. Ohio Dept. of Rehab. & Corr.*, 2022-Ohio-1310.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE EX REL. HARRY H. KROUSKOUPF III | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| | : | Hon. William B. Hoffman, J. |
| Relator | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | |
| | : | |
| OHIO DEPARTMENT OF | : | Case No. CT2022-0012 |
| REHABILITATION & CORRECTION, | : | |
| ET AL. | : | |
| | : | |
| Respondents | : | O P I N I O N |

CHARACTER OF PROCEEDING:           Writ of Mandamus

JUDGMENT:                          Dismissed

DATE OF JUDGMENT:                  April 20, 2022

APPEARANCES:

For Petitioner                      For Respondent

Harry H. Krouskoupf III             Ronald L. Welch
Inmate No. A742-651                 Prosecuting Attorney
15708 McConnelsville Road           Muskingum County, Ohio
Caldwell, Ohio 43724                Mark A. Zanghi
                                    Assistant Prosecuting Attorney
                                    27 N. 5th Street, Suite 201
                                    Zanesville, OH  43701

                                    Dave Yost, Ohio Attorney General
                                    C. Chadd McKitrick
                                    Senior Assistant Attorney General
                                    Criminal Justice Section,
                                    Correctional Litigation Unit
                                    30 East Broad Street, 23rd Floor
                                    Columbus, Ohio 43215

*Wise, Earle, P.J..*

{¶ 1}  On February 28, 2022, Relator Harry H. Krouskoupf III filed a Writ of Mandamus against Respondents Ohio Department of Rehabilitation and Correction, et al. The other three respondents identified on the front of the writ, but not in the case caption are The Honorable Mark C. Fleegle, Adult Parole Authority ( APA for Muskingum County) and Bureau of Sentence Computation (BOSCO). Krouskoupf asks this Court to issue an order to APA and BOSCO compelling them to start their date of calculation for the judicial sanction from the date of the imposition of his sentence, counting the amount of time towards the judicial sanction from July 19, 2019 until March 17, 2020, and adjust his estimated release date with the appropriate amount of time credited towards both the jail-time credit and his judicial sanction. Respondents Judge Fleegle, Ohio Department of Rehabilitation and Correction[1] and APA filed Motions to Dismiss. We grant the motions.

## I. Background

{¶ 2}  Krouskoupf was placed on post-release control on March 20, 2017 for a period of three calendar years until March 17, 2020. Krouskoupf violated the terms of his post-release control when new criminal charges were filed against him. On March 13, 2018, the trial court accepted a guilty plea on the new charges and sentenced Krouskoupf to an eleven-year prison term, with 564 days of jail-time credit. The trial court also ordered the remainder of time left on post-release control to be served in prison.

---

[1] Bureau of Sentence Computation (BOSCO) was not identified in the Ohio Department of Rehabilitation and Correction's Motion to Dismiss. However, we include them in the motion because Krouskoupf combined them with the Department of Rehabilitation and Correction in his Writ of Mandamus and served both agencies at the same address. Further, BOSCO is part of the Department of Rehabilitation and Correction and is responsible for computing release dates.

{¶ 3} On March 6, 2019, this Court vacated Krouskoupf's sentence and guilty plea and remanded the matter to the trial court for a new trial. *See State v. Krouskoupf*, 5th Dist. Muskingum No. CT2018-0020, 2019-Ohio-806. During subsequent proceedings in the trial court, Krouskoupf entered a guilty plea to the amended counts of robbery of the second and third degrees. The trial court sentenced Krouskoupf to an eleven-year sentence, with eight years mandatory. The trial court also found Krouskoupf violated the terms of his post-release control and ordered him to serve in prison the remainder of time left on post-release control. The trial court determined Krouskoupf should be credited with 564 days of jail time credit. The trial court thereafter amended Krouskoupf's jailtime credit to zero days as of July 19, 2019.

{¶ 4} The trial court issued a second amended Judgment Entry on September 9, 2019. The amended entry states: "The Court hereby finds the Defendant is entitled to seventy (70) days of jail time credit as of March 12, 2018. IT IS SO ORDERED." Krouskoupf claims he was not present, in the courtroom, when Judge Fleegle issued the amended entry. On May 13, 2020 and March 15, 2021, Krouskoupf filed motions for jail-time credit. Both motions were denied by the trial court. Krouskoupf did not appeal the denial of either motion.

{¶ 5} Krouskoupf asserts two grounds for mandamus relief. First, he claims the September 9, 2019 amended Judgment Entry is contrary to law because it was filed without him being present for the change in jail-time credit. Second, Krouskoupf contends Judge Fleegle, in effect, extended his sentence by filing the amended Judgment Entry reducing his jail-time credit from 564 days to 70 days.

## II. Analysis

### A. Mandamus elements and Civ.R. 12(B)(6) standard

{¶ 6}   R.C. 2731.03 provides: "The writ of mandamus may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, but it cannot control judicial discretion." For a writ of mandamus to issue, the relator must have a clear legal right to the relief prayed for, the respondent must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. (Citations omitted.) *State ex rel. Berger v. McMonagle,* 6 Ohio St.3d 28, 29, 451 N.E.2d 225 (1983).

{¶ 7}   Thus, "[m]andamus is an extraordinary remedy 'to be issued with great caution and discretion and only when the way is clear.' "*State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166, 364 N.E.2d 1 (1977), citing *State ex rel. Kriss v. Richards*, 102 Ohio St. 455, 457, 132 N.E. 23 (1921), and *State ex rel. Skinner Engine Co. v. Kouri*, 136 Ohio St. 343, 25 N.E.2d 940 (1940), paragraph one of the syllabus. "Extraordinary remedies, *i.e.* mandamus * * * are available only when usual forms of procedure are incapable of affording relief. They may not be employed before trial on the merits, as a substitute for an appeal for the purpose of reviewing mere errors, or irregularities in the proceedings of a court having proper jurisdiction." *State ex rel. Woodbury v. Spitler*, 34 Ohio St.2d 134, 137, 296 N.E.2d 526 (1973).

'It is the well-settled general rule in Ohio that the issuance of a writ of mandamus rests, to a considerable extent at least, within the sound discretion of the court to which application for the writ is made. The writ is not demandable as a matter of right, or at least is not wholly a matter

of right; nor will it issue unless the relator has a clear right to the relief sought, and makes a clear case for the issuance of the writ. *The facts submitted and the proof produced must be plain, clear, and convincing before a court is justified in using the strong arm of the law by way of granting the writ.*'

(Citation omitted, emphasis added.) *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 161, 228 N.E.2d 631 (1967).

{¶ 8}   Judge Fleegle moved to dismiss the writ, but in doing so, did not specifically reference Civ.R. 12(B)(6). Since original actions are civil in nature, we apply the rules of Civil Procedure and will evaluate Judge Fleegle's motion under Civ.R. 12(B)(6). The Ohio Department of Rehabilitation and Correction and the Adult Parole Authority rely on Civ.R. 12(B)(6) in their joint dismissal motion.

{¶ 9}   A Civ.R. 12(B)(6) motion tests the sufficiency of the complaint, and dismissal is appropriate where the complaint "fail[s] to state a claim upon which relief can be granted." In construing a Civ.R. 12(B)(6) motion, the court must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). Before we can dismiss the petition, it must appear beyond doubt that petitioner can prove no set of facts entitling him to recovery. *See O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus.

*B. Jail-time credit*

{¶ 10} Krouskoupf asks us to issue a writ of mandamus ordering Respondents to give him jail-time credit of 564 days and to adjust his release date accordingly. We find Krouskoupf cannot state a claim for mandamus relief based on the doctrine of res judicata and the availability of an adequate remedy at law.

{¶ 11} In reaching this conclusion, we reference our previous decisions in *State v. Krouskoupf III,* 5th Dist. Muskingum No. CT2018-0020, 2019-Ohio-806 (*Krouskoupf 1*), *State v. Krouskoupf III*, 5th Dist. Muskingum No. CT2019-0066, 2020-Ohio-1220 (*Krouskoupf* 2) and *State v. Krouskoupf III*, 5th Dist. Muskingum No. CT2021-0036, 2021-Ohio-0036 (*Krouskoupf* 3). These decisions set forth the history of Krouskoupf's various attempts at requesting jail-time credit. A court is permitted to take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment. *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 8, 10.

{¶ 12} *Krouskoupf 1* was decided on March 6, 2019. In that decision, we vacated Krouskoupf's plea and remanded the case to the trial court for further proceedings, finding the trial court failed to inform Krouskoupf that a consecutive prison sentence under R.C. 2929.141(A) was possible. *Krouskoupf*, 2019-Ohio-806, at ¶ 17. On remand, the trial court ordered Krouskoupf's previously-entered guilty plea vacated. *Krouskoupf*, 2020-Ohio-1220, at ¶ 5.

{¶ 13} Thereafter, on July 19, 2019, Krouskoupf withdrew his former not-guilty plea and entered a guilty plea to two amended counts of robbery, of the second and third

degrees. *Id.* at ¶ 6. In an entry filed on July 23, 2019, the trial court sentenced Krouskoupf to an eleven-year prison term, terminated his post-release control and ordered " 'that any time left remaining on that must be served consecutively to the sentence you just received here today * * *" *Id.* The trial court explained, "[a]ccording to statute, it is mandatory that the remainder of time left on Post Release Control be served consecutively to the eleven (11) year aggregate prison sentence in the instant case.' " *Id.* The sentencing entry gave Krouskoupf 564 days of jail credit, " 'along with future custody days while [appellant] awaits transportation to the appropriate State institution.' " *Krouskoupf*, 2021-Ohio-3968, at ¶ 11.

{¶ 14} Krouskoupf appealed the July 23, 2019 judgment entry of conviction and sentence. *See Krouskoupf*, 2020-Ohio-1220. He claimed he did not enter a knowing, intelligent and voluntary plea because the trial court failed to advise him of the maximum penalty for the prison term that it imposed for his post-release control violation. *Id.* at ¶ 10. On March 20, 2020, the Court overruled Krouskoupf's assignment of error and affirmed the trial court's judgment. *Id.* at ¶ 17-18.

{¶ 15} On August 27, 2019, while Krouskoupf's second appeal was pending, the trial court journalized an entry amending Krouskoupf's jail-time credit to zero days as of July 19, 2019. *Krouskoupf,* 2021-Ohio-3968, at ¶ 12. On September 9, 2019, the trial court journalized another amended entry indicating Krouskoupf was entitled to seventy days of jail-time credit as of March 12, 2018. *Id.* at ¶ 13.

{¶ 16} On May 13, 2020, Krouskoupf filed his first motion for jail-time credit claiming he was entitled to 564 days of credit. *Id.* at ¶ 17. The trial court denied the motion on May 20, 2020. *Id.* at ¶ 18. Krouskoupf did not appeal the denial of this motion even though it was a final, appealable order. *See State v. Thompson*, 147 Ohio St.3d 29, 2016-

Ohio-2769, 59 N.E.3d 1264, ¶ 13 (Supreme Court held a trial court's determination of a motion for jail-time credit is a final, appealable order.) On March 15, 2021, Krouskoupf filed another motion requesting jail-time credit for 564 days. *Id.* at ¶ 19. The trial court denied the motion on March 19, 2021. *Id.* at ¶ 20.

{¶ 17} On June 1, 2021, Krouskoupf filed a motion requesting reconsideration of his Motion for Jail-Time Credit. *Id.* at ¶ 21. He again requested 564 days of jail-time credit. *Id.* The trial court overruled the reconsideration motion on June 23, 2021. *Id.* at ¶ 22. Krouskoupf appealed the denial of his reconsideration motion and that appeal is the basis of *Krouskoupf 3*. This Court found the issues raised in *Krouskoupf 3* barred by res judicata because they could have been raised upon direct appeal, rather than in a reconsideration motion. *Id.* at ¶ 30. The Court noted that Krouskoupf did not appeal from the August 27, 2019 entry that found he was not entitled to any jail-time credit and he also did not appeal from the September 9, 2019 entry granting him 70 days of jail-time credit. *Id.* at ¶ 31.

{¶ 18} Rather, Krouskoupf filed two motions requesting jail-time credit, which the trial court overruled. *Id.* at ¶ 32, 33. Krouskoupf did not appeal the denial of either motion. *Id.* at ¶ 32, 34. Instead, he sought the same relief in a reconsideration motion. *Id.* at ¶ 35. The Court in *Krouskoupf 3* explained the reconsideration motion had "no legal effect; the trial court's decision regarding jail-time credit became final when appellant failed to raise the issue on direct appeal." *Id.* at ¶ 36. The Court also noted Krouskoupf's appeal was barred under the doctrine of res judicata. *Id.* at ¶ 37.

{¶ 19} Krouskoupf's Writ of Mandamus seeks the same relief he was unable to obtain in his two motions for jail-time credit and reconsideration motion. As such, the writ is barred under the doctrine of res judicata. Krouskoupf's writ is also barred because he had an adequate remedy at law. The Ohio Supreme Court has held the availability of an

appeal is an adequate remedy at law sufficient to preclude a writ of mandamus. *State ex rel. Davies v. Schroeder*, 160 Ohio St.3d 29, 2020-Ohio-1045, 153 N.E.3d 27, ¶ 10; *State ex rel. White v. Woods*, 156 Ohio St.3d 562, 2019-Ohio-1893, ¶ 8. This is true even if the relator fails to pursue the appeal. (Citations omitted.) *Davies* at ¶ 10.

{¶ 20} Res judicata precludes an original action in mandamus when the issue raised in the original action could have been raised in a prior appeal. *State ex rel. Dawson v. Summit Cty. Court of Common Pleas*, 146 Ohio St.3d 435, 2016-Ohio-1597, 57 N.E.3d 1146, ¶ 9. Further, the res judicata doctrine also applies to successive motions for jail-time credit that raise the same errors. *State v. Bryant*, 10th Dist. Franklin No. 19AP-241, 2020-Ohio-363, where the court of appeals explained, "[l]ines of cases from the Eighth and Eleventh District Courts of Appeals support the proposition that even though R.C. 2929.19(B)(2)(h)(iii) saves motions asserting errors regarding jail-time credit from the initial reach of res judicata, successive motions asserting the same errors will nonetheless be considered res judicata." (Citations omitted.) *Id.* at ¶ 22.

{¶ 21} In *State ex rel. Weeks v. Phipps*, 10th Dist. Franklin No. 20AP-383, 2021-Ohio-2279, the court of appeals addressed a factually similar case as presented here. Relator filed a writ of mandamus/procedendo to compel the trial court judge to address the issue of jail-time credit. *Id.* at ¶ 1. In the magistrate's decision found in the appendix of the opinion, the magistrate explained the trial court credited Relator with 67 days of jail-time credit. *Id.* at ¶ 16. Relator filed a motion requesting 485 days of jail-time credit, which the trial court overruled. *Id.* at ¶ 17. Relator did not appeal. *Id.* Thereafter, relator filed another motion requesting 489 days of jail-time credit. *Id.* at ¶ 18. The trial court again denied the motion and relator did not appeal. *Id.*

{¶ 22} Based on this procedural history, respondent filed a motion to dismiss relator's writ arguing res judicata and that relator had an adequate remedy at law but failed to pursue it. *Id.* at ¶ 19. The magistrate granted respondent's motion holding:

> [R]elator had an adequate remedy at law by way of appeal of the trial court's judgments denying his motions. Relator's failure to take advantage of his appellate remedy does not entitle him to extraordinary relief to relitigate the matter. Finally, the doctrine of res judicata also precludes relator's use of mandamus and procedendo, as relator had the opportunity to raise any error in the trial court's calculation of jail time credit through an appeal of the two judgments denying his successive motions for jail time credit, but he failed to do so.

*Id.* at ¶ 28. The court of appeals affirmed the magistrate's decision. *Id.* at 10.

{¶ 23} In *State ex rel. Harman v. Durkin*, 7th Dist. Mahoning No. 99 CA 138, 2001 WL 537630 (May 18, 2001), the court reached the same conclusion holding: " 'The writ of mandamus must not be issued when there is a plan (sic) and adequate remedy in the ordinary course of the law.' Petitioner failed to timely appeal the sentences wherein credit for days served was noted. An original action in mandamus will not lie where Petitioner failed to appeal." (Citation omitted.) *Id.* at *1. *See also State ex rel. Duffy v. Pittman*, 11th Dist. Portage No. 2006-P-0043, 2007-Ohio-346, ¶ 13 ("[U]nder Ohio law, a trial court's calculation of jail-time credit cannot be challenged through a mandamus proceeding because a direct appeal of the trial court's decision constitutes an adequate legal remedy." (Citations omitted.); *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.*, 10th

Dist. Franklin No. 14AP-616, 2015-Ohio-2356, ¶ 10 (Court of appeals found relator had an adequate remedy at law where he "utilized the statutory process for correcting 'any error' in determining jail-time credit * * * by filing with the trial court a motion to order proper application of jail-time credit and did not appeal from the trial court's decision to deny his jail-time credit motion.")

{¶ 24} Krouskoupf also requests mandamus relief because he was not present, in court, when the trial court issued its amended Judgment Entry on September 9, 2019 giving him 70 days of jail-time credit. In *Steele v. Jenkins*, 4th Dist. Ross No. 18CA3630, 2018-Ohio-4103, petitioner made a similar argument requesting relief in habeas corpus. Petitioner claimed he was not present at a resentencing hearing. *Id.* at ¶ 5. The court of appeals denied petitioner's writ noting, "[u]nder Supreme Court precedent the proper remedy for alleged sentencing errors is by appeal in the criminal case itself" *Id.* at ¶ 10, citing *Biliter v. Banks*, 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶ 8.

{¶ 25} Under the above case law, Krouskoupf could have appealed the September 2019 amended Judgment Entry that gave him 70 days of jail-time credit. He could have also appealed the May 2020 Judgment Entry that denied his first motion requesting jail-time credit. He did not do so. Had he appealed, he could have also raised the argument that he was not present, in court, when the amendment to his jail-time credit occurred. The fact that a direct appeal is no longer available to Krouskoupf does not render the legal remedy inadequate or thereby entitle him to mandamus relief. *See State ex rel. Gaydosh v. Twinsburg*, 93 Ohio St.3d 576, 579, 757 N.E.2d 357 (2001) ("the fact that either or both of these alternative remedies may no longer be available because of [relator's] failure to timely pursue them does not render them inadequate.")

### III. Conclusion

{¶ 26} For the forgoing reasons, we grant Judge Fleegle's Motion to Dismiss. We also grant the Ohio Department of Rehabilitation and Correction's and Adult Parole Authority's joint Motion to Dismiss, which also includes dismissal of the Writ of Mandamus against BOSCO. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

{¶ 27} MOTIONS GRANTED.

{¶ 28} WRIT OF MANDAMUS DISMISSED.

{¶ 29} COSTS TO RELATOR.

{¶ 30} IT IS SO ORDERED.

By Earle E. Wise, Jr., J.

Hoffman, P.J. and

Wise, J, J. concur.

EEW/ac