[Cite as *State v. rouskoupf*, 2025-Ohio-1418.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. Robert G. Montgomery, J. |
| | : | Hon. Kevin W. Popham, J. |
| -vs- | : | |
| | : | |
| HARRY H. KROUSKOUPF III, | : | Case No. CT2024-0142 |
| | : | CT2024-0143 |
| Defendant - Appellant | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Muskingum County
                                  Court of Common Pleas, Case No.
                                  CR2018-0007


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 April 21, 2025


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RONALD L. WELCH                           HARRY H. KROUSKOUPH, III, Pro Se
Prosecuting Attorney                      Inmate No. A742-651
                                          Noble Correctional Institution
By: MARK A. ZANGHI                        15708 McConnelsville Road
Assistant Prosecuting Attorney
27 N. 5th Street, Suite 201
Zanesville, Ohio 43701

*Baldwin, P.J.*

{¶1} The appellant, Harry H. Krouskoupf, III, appeals the December 2, 2024, judgment of the Muskingum County Court of Common Pleas. The appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND THE CASE

{¶2} A full recitation of the underlying facts of the appellant's conviction is unnecessary for the resolution of this appeal. The appellant has appealed to this court on six prior occasions. We have previously outlined the procedural history of this matter as follows:

{¶3} On January 3, 2018, the Muskingum County Grand Jury returned an indictment charging the appellant with one count of grand theft in violation of R.C. 2913.02(A)(1), two counts of petty theft in violation of R.C. 2913.02(A)(1), and two counts of aggravated robbery in violation of R.C. 2911.01(A)(1). The indictment also contained firearm and repeat violent offender (R.V.O) specifications.

{¶4} On February 26, 2018, the appellant withdrew his previously entered pleas of not guilty and entered pleas of guilty to one count of theft, two counts of robbery, and a single R.V.O. specification. The remaining counts and specifications were dismissed.

{¶5} On March 13, 2018, the trial court sentenced the appellant to an aggregate prison term of eleven years.

{¶6} Additionally, since the appellant was on post-release control when he committed the above offenses, the trial court found that the appellant had violated the terms of his post-release control. The trial court terminated the post-release control and ordered him to serve a prison term equal to the time remaining.

**{¶7}** The appellant filed a direct appeal of his convictions and sentence, arguing that the trial court did not inform him that a sentence for post-release control violation must be served consecutively to the sentence for the newly committed offense.

**{¶8}** On March 19, 2019, this Court vacated the appellant's plea and remanded the case to the trial court for further proceedings, finding that the trial court failed to inform the appellant that a consecutive prison sentence was possible. *State v. Krouskoupf*, 2019-Ohio-806 (5th Dist.). ("*Krouskoupf I*").

**{¶9}** On April 12, 2019, the trial court issued an order vacating the appellants previously entered guilty plea.

**{¶10}** On July 19, 2019, the appellant then entered a plea of guilty to two counts of robbery in violation of R.C. 2911.02(A)(1) and R.C. 2911.02(A)(3).

**{¶11}** On July 23, 2019, the trial court sentenced the appellant to an aggregate prison sentence of eleven years. The trial court terminated the appellant's post-release control and ordered "that any time left remaining on that must be served consecutively to the new sentence for his robbery charges." The trial court found, and the parties stipulated, that the appellant had 564 days of jail credit, along with future custody days while he awaits transportation to the State institution. All remaining counts and specifications were dismissed.

**{¶12}** On August 27, 2019, the trial court issued a journal entry stating:

The conviction in this case having been overturned by the Court of Appeals, 5th District, was remanded back to the Muskingum County Court of Common Pleas. Thereafter, [the appellant] pled guilty and was sentenced

on July 19, 2019. The Court at that time ordered all jail credit applicable from the origination of this case.

The Court having been advised [the appellant] was never released from the custody of the Ohio Department of Rehabilitation and Correction and has been credited for all days through sentencing on this case hereby amends jail credit to be zero (0) days as of July 19, 2019.

**{¶13}** On September 9, 2019, the trial court amended its entry stating, "The Court hereby finds [the appellant] is entitled to seventy (70) days of jail credit as of March 12, 2018."

**{¶14}** The appellant appealed from the trial court's July 23, 2019, judgment entry of conviction and sentence, arguing that his plea was not knowing, intelligent, and voluntary because the trial court failed to advise him of the maximum penalty for the prison term that it imposed for his post-release control violation. The appellant argued that the trial court was obligated to notify him of the time he would be required to serve as a result of the violation. We disagreed, affirming the judgment of the trial court. *State v. Krouskoupf*, 2020-Ohio-1220 (5th Dist.). ("*Krouskoupf II*").

**{¶15}** On May 13, 2020, the appellant filed a motion for jail-time credit, arguing that he was entitled to 564 days of credit.

**{¶16}** The trial court overruled the motion on May 20, 2020.

**{¶17}** On March 15, 2021, the appellant filed a "Motion for Jail Credit" arguing that he was entitled to 564 days. The trial court overruled this motion.

**{¶18}** On June 1, 2021, the appellant filed a "Reconsideration: Motion for Jail-Time Credit" arguing, again, that he was entitled to 564 days.

**{¶19}** On June 23, 2021, the trial court overruled the appellant's motion for reconsideration of the motion for jail-time credit.

**{¶20}** The appellant appealed the trail court's denial of the Reconsideration: Motion for Jail-Time Credit" finding that the appellant's assignments of error were barred by the doctrine of res judicata. *State v. Krouskoupf*, 2021-Ohio-3968 (5th Dist.). ("*Krouskoupf III*").

**{¶21}** On February 28, 2022, the appellant filed a writ of mandamus, again challenging the calculation of his jail time credit. *State ex el. Krouskoupf v. Ohio Department of Rehabilitation and Correction*, 2022-Ohio-1310 (5th Dist.). The appellant argued that the trial court's September 9, 2019, amended Judgment Entry was contrary to law because it was filed without him being present in court for the change, as the trial court effectively extended his sentence by reducing his jail time credit from five hundred sixty-four days (564) days to seventy (70) days.

**{¶22}** This Court found the appellant could not state a claim for mandamus relief based on the doctrine of res judicata because the appellant failed to pursue an available adequate remedy at law. *Id.* ("*Krouskoupf IV*").

**{¶23}** On July 21, 2022, the appellant filed a Motion to Correct Sentencing Error, again arguing he is entitled to 564 days of jail time credit.

**{¶24}** On February 1, 2023, he filed a Motion for Summary Judgment.

**{¶25}** On February 17, 2023, the trial court denied the appellant's motions, finding them precluded by res judicata.

**{¶26}** The appellant appealed the trial court's decision, arguing that the trial court was without jurisdiction to amend his sentence and did so without him or his counsel

present. *State v. Krouskoupf*, 2023-Ohio-2765 (5th Dist.). We found the appellant's arguments barred by res judicata. *Id*.

{¶27} On October 20, 2023, the appellant filed a motion for delayed appeal of our decision in *State v. Krouskoupf*, 2023-Ohio-2765 (5th Dist.) with the Supreme Court of Ohio. ("*Krouskoupf V*"). The Supreme Court denied the motion.

{¶28} On September 21, 2023, the appellant filed a writ of mandamus with the Supreme Court of Ohio requesting that the Supreme Court compel this Court to "follow Ohio and Federal law concerning his sentence; compelling the amendments to his sentence to be considered void and a nullity."

{¶29} On November 8, 2923, the Supreme Court of Ohio granted the State's motion to dismiss the writ. *Harry H. Krouskoupf III v. Fifth District Court of Appeals*, 2023-1113.

{¶30} On November 27, 2023, the appellant filed a motion in the trial court entitled "Defendant's Motion to Vacate Amended Entries (due to lack of jurisdiction)." The appellant raised the same arguments as *Krouskoupf V*. The trial court denied the appellant's motion as it is barred by res judicata. The appellant appealed the trial court's decision.

{¶31} On May 6, 2024, this Court affirmed the trial court's decision, finding the appellant's claims barred by res judicata. *State v. Krouskoupf*, 2023-Ohio-2765 (5th Dist.). ("*Krouskoupf VI*").

{¶32} On August 6, 2024, the appellant filed a Request for Declaratory Judgment in his criminal case.

{¶33} On August 26, 2024, the appellant filed a Motion for Summary Judgment.

**{¶34}** On November 12, 2024, the appellant filed a Motion for Order for Declaratory Judgment.

**{¶35}** On November 19, 2024, the appellee filed a Response to the Motion for Order for Declaratory Judgment.

**{¶36}** On November 4, 2024, the appellant filed a Motion to Correct Sentencing Entry.

**{¶37}** On November 12, 2024, the appellee filed a Memorandum in Opposition.

**{¶38}** On December 2, 2024, the trial court denied the appellant's Motion to Correct Sentencing Entry and the appellant's Motion for Order for Declaratory Judgment.

**{¶39}** The appellant appealed the trial court's judgment entries raising the following two assignments of error in two separate case numbers:

**CT2024-0142**

**{¶40}** "I. THE MUSKINGUM COUNTY COMMON PLEAS COURT ERRED TO HARRY H. KROUSKOUPF III'S PREJUDICE WHEN IT AFFIRMED ITS AMENDMENTS TO ITS OWN PROPERLY IMPOSED SENTENCE DURING A PENDING APPEAL AND WHILE IT HAD BEEN DEPRIVED OF SUBJECT-MATTER JURISDICTION, RESULTING IN A VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AMENDMENT OF THE UNTIED STATES CONSTITUTION."

**CT2024-0143**

**{¶41}** "I. THE ADULT PAROLE AUTHORITY HAS IMPROPERLY CHANGED ITS CALCULATION OF HIS JUDICIAL SANCTION DUE TO THE MUSKINGUM COUNTY

COMMON PLEAS COURT AMENDING HIS SENTENCE ON SEPTEMBER 9, 2019, RESULTING IN PREJUDICE TOWARDS HIM AS A RESULTOF AN ENHANCEMENT OF HIS SENTENCE."

**CT2024-0142**

**{¶42}** In case CT 2024-0142, the appellant rehashes the same argument as *Krouskroupf VI*, that the trial court erred in finding his Motion to Correct Sentence is barred by res judicata. We disagree.

**ANALYSIS**

**{¶43}** A motion to correct or vacate a sentence may be construed as a petition for postconviction relief where the motion was filed subsequent to a direct appeal, claimed a denial of constitutional rights, sought to render the judgment void, and asked for a vacation of the judgment and sentence. *See State v. Reynolds*, 79 Ohio St.3d 158 (1997).

**{¶44}** Res judicata "preclude[s] a [party] who has had his day in court from seeking a second on that same issue." *State v. Saxon*, 2006-Ohio-1245, ¶18. It "promotes the principles of finality and judicial economy by preventing endless relitigating of an issue on which a [party] has already received a full and fair opportunity to be heard." *Id*.

**{¶45}** In the case sub judice, the appellant has refiled some version of his Motion to Correct Sentence several times. Each has been denied, and this Court has affirmed the trial court in each appeal. Therefore, we overrule the appellant's assignment of error as the trial court correctly found this motion was barred by res judicata.

**{¶46}** The appellant's assignment of error is overruled.

**CT2024-0143**

**{¶47}** In case CT 2024-0143, the appellant argues the trial court erred in dismissing the appellant's Motion for a Declaratory Judgment. We disagree.

**ANALYSIS**

**{¶48}** "An action for a declaratory judgment pursuant to R.C. Chapter 2721 is a civil action[.]" *Sterling Drug, Inc. v. Wickham*, 63 Ohio St.2d 16, 21 (1980). "The same is true under Civ.R. 57, which incorporates R.C. Chapter 2721." *State v. Patterson*, 2024-Ohio-4605 (2nd Dist.), ¶12. The Supreme Court of Ohio has found, "[f]or direct and collateral attacks alike, declaratory judgment is simply not a part of the criminal appellate or postconviction review process." *Lingo v. State*, 2014-Ohio-1052, ¶44.

**{¶49}** In the case sub judice, the appellant filed a Motion for Declaratory Judgment among the myriad of his postconviction filings. The trial court appropriately dismissed the motion as the trial court is precluded from entering a declaratory judgment for a defendant in a criminal case. As Motions for Declaratory Judgment pursuant to either R.C. Chapter 2721 and Civ.R. 57 are a civil remedy and not part of the criminal appellate or postconviction process, the trial court did not err in dismissing the appellant's Motion for Declaratory Judgment.

**{¶50}** The appellant's assignment of error is overruled.

## CONCLUSION

{¶51}  The decision of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, P.J.

Montgomery, J. and

Popham, J. concur.